**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tanya Spurbeck,

Plaintiff

v.

United States of America,

Defendant

Case No. 2:26-cv-00657-JAD-MDC

**Order Granting Motion to Dismiss and Closing Case**

ECF Nos. 32, 34, 39, 48, 49, 51, 52

Pro se plaintiff Tanya Spurbeck sues the United States of America under the Federal Tort Claims Act for the alleged negligent adjudication of her employment-related lawsuit by judges in this district and the Ninth Circuit Court of Appeals.[1] The government moves to dismiss the case, arguing that Spurbeck's claims are barred by the doctrine of judicial immunity.[2] Spurbeck opposes that motion and moves to strike it and the government's reply brief. I find that Spurbeck has not raised a meritorious reason to strike the government's briefing, and her claims are plainly barred by judicial immunity. So I grant the motion to dismiss, deny all other pending motions, and close this case.

## Background

### A. Spurbeck's lawsuit against her former employer was unsuccessful at all levels.

After Spurbeck was terminated from her timeshare-sales job at Wyndham Vacation Ownership, Inc., she sued her former employer for discrimination and retaliation in the United

[1] ECF No. 24.

[2] ECF No. 32.

States District Court for the District of Nevada.[3] The Honorable Richard F. Boulware, II, was the district judge assigned to the case. Pro se plaintiff Spurbeck amended her complaint several times, ultimately expanding it to include claims for fraud, negligence, and intentional infliction of emotional distress.[4] And the action saw heavy motion practice, with more than 170 items on the docket. Two years after the case began, Judge Boulware granted summary judgment for the defense on all claims, ending the case.[5] Spurbeck unsuccessfully moved for reconsideration.[6]

Spurbeck appealed those decisions to the Ninth Circuit in April of 2023.[7] A three-judge panel consisting of Judges Mary M. Schroeder, Lawrence VanDyke, and Lucy Koh ultimately affirmed Judge Boulware's rulings in a memorandum disposition just 15 months later.[8] The U.S. Supreme Court denied Spurbeck's petition for writ of certiorari[9] and petition for rehearing.[10]

**B. Spurbeck sues the U.S. Government under the FTCA for its judges' negligent work.**

Theorizing that the judges who adjudicated her case against Wyndham were negligent and "wasted [her] time and money for a duration of approx. four (4) years,"[11] Spurbeck filed the instant Federal Tort Claims Act (FTCA) lawsuit naming the United States of America as the sole defendant. She alleges that the four judges who adjudicated her district-court and appellate cases

---

[3] ECF No. 1 in *Spurbeck v. Wyndham Wordwide*, 2:20-cv-00346-RFB-NJK.

[4] ECF No. 43 in *Spurbeck v. Wyndham Wordwide*, 2:20-cv-00346-RFB-NJK.

[5] ECF No. 151 in *Spurbeck v. Wyndham Wordwide*, 2:20-cv-00346-RFB-NJK.

[6] *See* ECF Nos. 155 (motion for reconsideration), 165 (order denying it) in *Spurbeck v. Wyndham Wordwide*, 2:20-cv-00346-RFB-NJK.

[7] ECF No. 166 in *Spurbeck v. Wyndham Wordwide*, 2:20-cv-00346-RFB-NJK.

[8] *Spurbeck v. Wyndham Worldwide Corp.*, No. 23-15565, 2024 WL 3508520 (9th Cir. July 23, 2024).

[9] *Spurbeck v. Wyndham Worldwide Corp.*, 145 S. Ct. 993 (2024).

[10] *Spurbeck v. Wyndham Worldwide Corp.*, 145 S. Ct. 1324 (2025).

[11] ECF No. 24 at 4.

were negligent "in their course of employment."[12] She asserts eleven separate claims—one corresponding to each of the claims that she brought and lost in the *Wyndham* action.[13] In each, she alleges that Judge Boulware violated her constitutional and statutory rights by applying the wrong legal standards in his rulings; depriving her of discovery, evidence, a protective order, and the early neutral evaluation process; and denying her oral hearings and a jury trial.[14] And in each she avers that the Ninth Circuit panel members' decision was "unconstitutional" and violated myriad rules and statutes because the court refused to grant her unopposed motion for full remand, didn't read the briefs or the record and deprived her of oral argument, and "the appeal was an illegal appeal."[15] She summarizes that "Spurbeck did not lose her case. Spurbeck's case is a void,"[16] and she says that her "time during the approximate years 2020–2024 with Nevada Federal District Court Case 2:20-cv-00346-RFB-NJK and the Ninth Circuit Court of Appeals Case 23-15565, including but not limited to, abused Spurbeck; including but not limited to, USA wasted Spurbeck's time (due to the void) and USA abused Spurbeck's finances (due to the void)."[17] The bulk of her 130 pages of largely repetitive allegations asserts that but for the erroneous rulings of these judges, her rights would not have been violated.[18]

---

[12] *Id*. at 6.

[13] *See generally id.*

[14] *See generally id*. at 9–130.

[15] *Id.*

[16] *Id.* at 4.

[17] *Id*. at 19–20.

[18] *See generally id.* There are also 35 pages of exhibits attached to the 130-page complaint. *See* ECF No. 24-1.

The government moves to dismiss the entirety of Spurbeck's complaint based on judicial immunity.[19] Spurbeck opposes dismissal and suggests that the motion is "baseless" because "Plaintiff's case is not a Bivens case."[20] She then tries to reframe her case to avoid triggering judicial immunity, arguing that "Plaintiff's case is due to the 'lack of judges'" caused by vacancies in the District of Nevada before the last two of seven seats were filled just a few weeks after Judge Boulware granted summary judgment in the *Wyndham* case.[21] She blames this "judicial emergency" for one of her filings being rejected by the clerk, and she blames the judicial emergency on "the appellate court or appellate court's judges."[22] She also moves to strike the motion to dismiss and the government's reply in support of it.[23]

**Analysis**

**A. Spurbeck has not identified a legitimate reason to strike the government's briefing.**

Spurbeck argues that this court should strike the government's motion to dismiss and reply brief under Federal Rules of Civil Procedure 11(b) and 12(f).[24] Neither rule supports her request. Rule 11 allows a litigant to seek sanctions against a party who submits a motion presented for an improper purpose or in bad faith, but the rule requires the movant to comply with strict procedures before asking the court for relief under that rule. For example, [t]he motion . . . must not be filed or be presented to the court" before affording the opposing party 21

[19] ECF No. 32.

[20] ECF No. 40 at 2.

[21] *Id*. at 3.

[22] *Id*. at 4.

[23] ECF No. 39.

[24] ECF Nos. 39, 48 (motions to strike).

days to cure the alleged violation.[25] Denial of a Rule 11 motion is the "appropriate remedy" for the failure to satisfy [this] safe-harbor" provision.[26] Because Spurbeck has not shown that she complied with Rule 11's safe-harbor requirement, that rule does not support her request to strike the government's filings.

FRCP 12(f) is also no help to Spurbeck. That rule authorizes the court to strike an insufficient defense only from "a pleading,"[27] and neither a motion nor a reply brief qualifies as a pleading—that label is a narrow one ascribed mainly to complaints and answers.

The thrust of Spurbeck's substantive argument for striking the motion to dismiss is that the defendant's position in the motion is "void pursuant to the Rules Enabling Act."[28] The proper vehicle for that argument is an opposition to the motion to dismiss, not a motion to strike, and she mentions this point in her opposition.[29]

Spurbeck's main argument for striking the reply brief is that I granted the government a seven-day extension of time to file that brief without waiting for her response to the deadline-extension request.[30] She was vehemently opposed to giving the government that small courtesy (even though she had asked for a two-week deadline extension herself[31]) and claims baldly that

---

[25] Fed. R. Civ. P. 11(c)(2).

[26] *Holgate v. Baldwin*, 425 F.3d 671, 680 (9th Cir. 2005).

[27] Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); *see also Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (recognizing that Rule 12(f) does not allow a court to strike material not contained in a pleading).

[28] ECF No. 39 at 2.

[29] *See* ECF No. 40 at 2.

[30] ECF No. 48.

[31] ECF No. 35.

the extra week "caused severe, unfair prejudice against" her case.[32] This court routinely grants reasonable extensions of time like the one given to the government here as a matter of course, and it expects litigants to do the same as a matter of common courtesy. It is only in the unusual case that such a request would or should be denied, and this was not one of those. Had this court taken the time to consider Spurbeck's reasons for opposing the government's extension request, it would have been granted over her objections.[33] Those objections do not justify striking the government's reply brief now. So Spurbeck's motions to strike the government's briefing are denied.

**B. The entirety of Spurbeck's suit is barred by the doctrine of judicial immunity.**

Dismissal is required because Spurbeck's entire suit is barred by the doctrine of judicial immunity. Judges at all court levels are entitled to absolute immunity from civil liability for "acts committed within their judicial jurisdiction."[34] This immunity applies to civil actions for damages as well as declaratory or equitable relief.[35] Although it "covers only those acts [that] are 'judicial' in nature," a judge "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather he will be subject to liability only when he acts in the clear absence of all jurisdiction."[36] And this absolute immunity

---

[32] *Id*. at 4.

[33] For the same reasons, Spurbeck's alternative request to vacate the extension order (ECF No. 49) is denied.

[34] *Pierson v. Ray*, 386 U.S. 547, 554 (1947).

[35] *Mullis v. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1394 (9th Cir.1987), *cert. denied*, 486 U.S. 1040 (1988).

[36] *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369 (9th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349, 360–61 (1978)).

extends to "certain others who perform functions closely associated with the judicial process," including court personnel like court clerks.[37]

The acts that underlie each of Spurbeck's claims are entirely judicial in nature. In each claim she complains of decisions or lack of action by the district or appellate judges adjudicating her employment suit. Despite the conclusory labels that she ascribes to the judges' actions—e.g., negligent, unconstitutional, illegal, wrongful—the gravamen of her suit is that she is unhappy with the handling of her case at the district and circuit-court levels. So, factually, Spurbeck's case falls squarely within the heartland of the type of cases barred by the doctrine of judicial immunity.

In her opposition, Spurbeck suggests that the judicial-immunity defense is "baseless" here because the government "falsely" states or assumes that her case is a *Bivens* case when "Plaintiff's case is not a Bivens case" but rather an FTCA case.[38] Just why Spurbeck focuses on this distinction is unclear because the government doesn't mention *Bivens* at all in its motion to dismiss.[39] And whether Spurbeck's claims were brought under *Bivens* or under the FTCA makes no difference to the critical analysis here: either way, they are barred by judicial immunity.[40]

Nor does it matter that Spurbeck sues the United States and not the individuals she claims engaged in this "negligent" violation of her rights and various rules and statutes. The judicial-immunity bar applies to her claims against the United States because 28 U.S.C. § 2674 of the

---

[37] *Moore v. Brewster*, 96 F.3d 1240, 1244–45 (9th Cir. 1996) (cleaned up); *McCann v. Taleff*, 828 F. App'x 461, 462–63 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 222 (2021) (identifying that judicial assistants are entitled to absolute quasi-judicial immunity).

[38] ECF No. 40 at 2.

[39] *See generally* ECF No. 32.

[40] *See Jones v. Shields*, 107 F. App'x 725, 727 (9th Cir. 2004) ("Furthermore, judicial absolute immunity precludes Jones's Bivens and FTCA claims against District Judge Lloyd D. George for alleged violations of Jones's Fifth Amendment due process rights during his trial.").

FTCA allows the government to assert the individual court employees' immunity defenses. The statute states that "[w]ith respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial . . . immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled."[41] As courts have recognized, "[t]he text of section 2674 is straightforward, and its import clear"[42]: judicial immunity bars FTCA claims against the United States that are based on actions taken by judges in their judicial capacity.[43] So I grant the government's motion and dismiss Spurbeck's case because all of her claims are barred by judicial immunity.

**Conclusion**

IT IS THEREFORE ORDERED that:

- Plaintiff Tanya Spurbeck's motions to strike the government's briefing and her alternative motion to vacate the extension order **[ECF Nos. 39, 48, 49] are DENIED**;
- The Defendant United States of America's motion to dismiss **[ECF No. 32] is GRANTED; this case is dismissed** in its entirety based on judicial immunity;
- All remaining motions and proposed plans or orders **[ECF Nos. 34, 51, 52] are DENIED** as moot; and

---

[41] 28 U.S.C.§ 2674.

[42] *Lomando v. United States*, 667 F.3d 363, 375 (3d Cir. 2011).

[43] Although Spurbeck captions her claims as "negligence" ones under the FTCA, at base, many if not all of them are alleged constitutional violations. But the FTCA does not afford a vehicle for claims alleging constitutional violations. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (holding that constitutional tort claim for alleged violation of due-process rights is not cognizable under the FTCA). Were this case not subject to dismissal based on judicial immunity, it might be subject to dismissal because some or all of these claims are non-cognizable under the FTCA.

- The Clerk of Court is directed to **ENTER JUDGMENT** in favor of the defendant and against the plaintiff and **CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
August 4, 2026